[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT R D AERONAUTICAL ENGINEERING'S MOTION TO DISMISS
The plaintiff instituted this action against various defendants, including the defendant R D Aeronautical Engineering Company Inc., (defendant) on May 29, 1992. The return day of the process was June 23, 1992 and the defendant filed its appearance on August 4, 1992.
On August 12, 1992 the plaintiff moved that the defendant be CT Page 9680 defaulted for failure to plead based on Practice Book Section 114, which required that the defendant file a pleading within thirty days of the return day. This motion was granted on the day it was filed by the Clerk, pursuant to Practice Book Section 363A, because the required pleading had in fact not been filed.
On August 27, 1992 the defendant filed a motion for extension of time within which to file its motion to dismiss. If this motion the defendant requested "an additional two weeks from thirty days after filing its appearance, which will be September 18, 1992, for the reason that the defendant is an out-of-state corporation and the information needed to properly execute said motion is not immediately available". The reference to thirty days was apparently in recognition of Practice Book Section 142 which requires that a motion to dismiss be filed within thirty days of the filing of an appearance.
While the motion for extension of time was still pending the defendant filed the instant motion to dismiss on September 10, 1992.
The August 27 motion for extension of time came before the court at the short calendar on September 14, 1992, at which time the court, (Fracasse, J.) refused to consider it because the defendant previously had been defaulted.
The next day, September 15, 1992, the defendant moved to reopen the default for failure to plead and also moved for an extension of time to file its motion to dismiss. As previously noted, the defendant had already filed such a motion for extension of time on August 27, 1992.
On September 28, 1992, the court (Thompson, J.) after hearing argument from both parties, granted the motion to set aside and reopen the default for failure to plead. However, the court denied both motions for extension of time filed on August 27 and September 15, 1992.
New before the court is the defendant's motion to dismiss filed on September 10, 1972. The plaintiff has raised the procedural claim that this motion was not filed within the thirty day period following the filing of an appearance as prescribed by Practice Book Section 142, that compliance with Section 142 is mandatory, and therefore the motion to dismiss must be denied as being filed untimely. CT Page 9681
With respect to the claim of late filing, as noted above, the defendant was defaulted for failure to plead on August 12, 1992 and this default was reopened and set aside on September 28, 1992. During the time the defendant was a defaulted party it could not properly file any pleadings or motions, other than an answer, except by permission of the court. This would include a motion to dismiss. Until the defendant had the default reopened and set aside it could not properly file a motion to dismiss and could not argue such a motion. The restrictions placed upon a defaulted defendant were demonstrated in this case when Judge Fracasse refused to hear argument on a motion for extension of time because the default had not yet been reopened.
This court is of the opinion that the default entered or August 12 had the effect of tolling the running of the thirty day period set forth in section 142 concerning the filing of a motion to dismiss. In this case the defendant claimed that it was unaware of the default until September 14 although there is an exhibit in the file which indicates that notice of the default was sent but by the clerk's office on August 19, 1992. In any event, the court finds that the thirty day period following the filing of the appearance, which period the defendant had in which to file a motion to dismiss as of right, commenced on August 4, 1992, was interrupted on August 12 by the entry of the default, and did not resume until the default was reopened on September 28. Since the motion to dismiss was in the court file before September 28, it is obvious that the motion was filed within thirty days of the filing of the appearance.
To deny the motion to dismiss based on a claim of late filing will deprive the defendant of an opportunity to raise constitutional due process claims. Section 6 of the Practice Book states that "these rules . . . will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice". The court is of the opinion that to deprive the defendant of an opportunity to be heard on a claim of lack of personal jurisdiction, based on the history of these pleadings, will manifestly be unjust.
Accordingly, the procedural claim that the motion to dismiss was untimely filed is overruled. The motion to dismiss is ordered to be scheduled for an evidentiary hearing on the merits on the Special Proceedings calendar at the earliest possible date. CT Page 9682
William L. Hadden, Jr., Judge